Granger, C. J.
The solution of the problem presented by these facts is easy. Although the court may lack power to render a personal judgment against a minor, or a married woman, upon a contract for the purchase of real estate, it has full power to apply the realty so purchased to pay for itself. When the common pleas on December 24, 1875, ordered the purchase as improved property for $15,000 of nine-fifteenths of the realty that, only eleven days before, it had caused to be sold for $7,125 as unimproved property, it well knew that no rubbing of Aladdin’s lamp had in that brief time placed houses thereon. It is very plain that both court and parties treated the arrangement with Kemper as a sufficient substitute for the houses themselves, and solely because of that arrangement ordered the purchase as a proper investment of the fund. It was competent for the parties to purchase suitable property covered by a lien, and to agree to pay the debt secured by the lien, as a part of the purchase money. In substance that is precisely what was done in this case. The completion of the houses was an essential part of the purchase. Kemper consented to complete them on the faith of the assurances made to him that he would be paid out of the fund ordered to be invested in the purchase. The fact that Young, the guardian, said *84 nothing is immaterial. He was a party to the suit, and thereby a party to the purchase made under the order of the court. He cannot hold for his ward the benefit secured by that purchase and escape its burden. The finding of facts made by the common pleas, fairly considered, satisfies the mind, that the transaction with Kemper, from the outset, was intended for the benefit of the whole estate, and of all parties interested in it; that no one purposed that Joseph Richardson should pay for the houses; and that the action brought by Mrs. Carej7, in October, 1875, was, by common consent, used as a means for legally paying for the houses out of the estate. It could have had no other purpose. That court sanctioned the plan. Kemper in good faith fulfilled his part. It would work a fraud, were we now to permit any party to that suit to defeat the full enforcement of the decree therein made. As the price of the ground alone was $4,275, the remainder of the sum ordered by the court to be invested amounts to $10,725— enough (with its interest) to pay Kemper in full. It seems probable that Mrs. Carey has, never paid anything for the 60 feet deeded to her. She will not suffer if the rents collected by the receiver shall be promptly paid to those who built the houses that produced the rents, provided we reserve to her full right to interplead with J. J. Richardson and his guardian, so that the burden may be shared in the ratio of the values of their estates. It follows that the judgments of the district court and common pleas must be reversed, (without disturbing the report of the master, or the appointment of the receiver and his power to rent and collect the rents), and a decree for the plaintiff for $9,705.42 and interest from June 8, 1878. As between Mrs. Carey and J. J. Richardson the costs and the balance due for the buildings should be paid in the proportion of their interests. Her share should be fixed by the aid of annuity tables treating the total cost and expense at the date of the completion of the buildings as the principal of a fund in which she held a life interest and the minor the remainder. The net rents collected by the receiver may be applied first, to pay *85 the costs of this suit including the receiver’s proper fee; next, to the sub-contractors pro rata up to the sums found due them by the master with interest from June 3, 1878; next, to Kemper, until he shall have been paid the sum found due to him by the master with like interest, and any balance to Jane Carey. If any balance shall then remain due to the sub-contractors, or to Kemper, unless it shall be paid within thirty days from the decree, with the interest, the premises conveyed to J. J. Richardson by Goebel under the order of December 24, 1875, should be sold by the sheriff as upon execution, and the proceeds applied to pay the remaining costs, taxes, interest and debt. The case should remain pending in the common pleas for adjustment between Jane Carey and J. J. Richardson of their respective shares of the liability imposed by this decree.

Decree accordingly.